**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CRISTEN L. MYERS, SR.,**

        **Petitioner,**

        **v.**

**JOHN COLEMAN, WARDEN,**

        **Respondent.**

        **CASE NO. 2:12-CV-0975**
        **JUDGE FROST**
        **MAGISTRATE JUDGE ABEL**

## REPORT AND RECOMMENDATION

Petitioner Cristen L. Myers, Sr., a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on petition, Respondent's *Motion to Dismiss,* Petitioner's *Response*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 6, be **GRANTED** and that this action be **DISMISSED**.

It is **FURTHER RECOMMENDED** that Petitioner's *Motion for Summary Judgment*, Doc. No. 7, be **DENIED**, and that his request for injunctive relief, *see* Doc. No. 11, be **DENIED**, as moot.

## FACTS and PROCEDURAL HISTORY

This action involves Petitioner's convictions after a jury trial in the Perry County Court of Common Pleas for attempted murder, aggravated burglary, felonious assault, and violation of a protection order. Petitioner's convictions arise out of an incident wherein he entered the home of his wife, Kimberly Myers, from whom he was separated in violation of a protection order, and allegedly tried to break her neck. In February 2001, Petitioner was sentenced to an aggregate term of twenty years incarceration. The Ohio Fifth District Court of Appeals affirmed

1

Petitioner's convictions and sentence; and on May 15, 2002, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. In June 2003, Petitioner filed his first federal habeas corpus petition. See *Myers v. Konteh,* Case No. 2:03-cv-663. In that action, Petitioner asserted that he was denied a fair trial due to admission of evidence regarding *ex parte* court orders against him, that the orders violate state law, that admission of this evidence constituted plain error, and that his convictions are allied offenses of similar import and violate the Double Jeopardy Clause. In July 2004, the Court held that Petitioner was not entitled to habeas corpus relief. Petitioner appealed. On April 21, 2006, the United States Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability.

Petitioner subsequently returned to the state courts to challenge his convictions. He filed a series of motions in 2005 – including a motion for delayed appeal and an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) – which were denied. Additionally, in 2007, Petitioner filed a state habeas corpus petition in the state trial court, which also was denied.[1]

The Ohio Fifth District Court of Appeals summarized Petitioner's state court proceedings as follows:

> In 2001, Appellant was convicted by a jury for one count of attempted murder, one count of aggravated burglary, one count of felonious assault and one count of violating a protection order. By judgment entry of sentence filed March 13, 2001, the trial court sentenced appellant to an aggregate term of twenty years in prison. By judgment entry of resentence filed July 13, 2001, Appellant was resentenced in order to include the findings necessary to impose consecutive sentences. The entry stated that the trial court

---

[1] Respondent indicates that copies of the documents referred to are attached as *Exhibits to the Motion to Dismiss*; however, none of those documents are decipherable. None of these motions, however, are necessary to review in this action.

notified Appellant that postrelease control up to three years was mandatory in this case. Appellant's convictions and sentences were affirmed on appeal. *State v. Myers*, 5th Dist. No. 01–CA–5, 2002–Ohio 253.

On May 22, 2009, Appellant filed a motion to void the unexpired term of incarceration and for resentencing to correct the error in the July 13, 2001 entry he was subject to only three years of postrelease control instead of the mandatory five years. By entry filed June 24, 2009, the trial court denied Appellant's request to void the unexpired term of incarceration. By *nunc pro tunc* judgment entry of resentence filed July 10, 2009, the trial court corrected the error.

Appellant appealed the *nunc pro tunc* judgment entry. In *State v. Myers,* 5 th Dist. No. 10–CA–4, 2010–Ohio–5979, (" Myers II") this Court found the trial court erred in filing a *nunc pro tunc* entry and resentencing Appellant without a hearing. The matter was remanded to the trial court for a de novo hearing, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007–Ohio–3250 and *State v. Jordan*, 104 Ohio St.3d 21, 2004–Ohio–6085.

A resentencing hearing on the matter of postrelease control was held on March 3, 2011. By entry filed March 29, 2011, the trial court notified Appellant that postrelease control of five years was mandatory in this case, as well as the consequences of violating condition of postrelease control imposed by the Parole Board.

Appellant timely appealed the resentencing entry.

Appellant raises seven Assignments of Error:

"I. THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING DEFENDANT/APPELLANT TO CONSECUTIVE SENTENCES FOR THE CONVICTIONS OF ATTEMPTED MURDER (ORC 2903.02(A) AND FELONIOUS ASSULT (ORC 2903.11(A) AS SAID CRIMES ARE ALLIED OFFENSES OF SIMILAR IMPORT.

"II. THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING DEFENDANT/APPELLANT TO CONSECUTIVE SENTENCES FOR THE CONVICTIONS OF FELONIOUS ASSAULT (ORC 2903.11(A)(1) AND ATTEMPTED MURDER (ORC 2903.02(A)(1) AS SAID CRIMES ARE ALLIED OFFENSES OF SIMILAR IMPORT.

"III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISREGARDING THE MANDATE OF THE FIFTH DISTRICT COURT OF APPEALS WHICH VACATED DEFENDANT/APPELLANT'S SENTENCE WITH REMAND FOR A DE NOVO RE–SENTENCING HEARING, CREATING AN INJUSTICE.

"IV. THE TRIAL COURT WAS IN ERROR WHEN IT APPLIED THE PRINCIPLE OF RES JUDICATA TO BAR THE APPLICATION OF THE NEW SUBSTANTIVE INTERPRETATION ANNOUNCED IN STATE V JOHNSON, 124 OHIO ST. 3D 153.

"V. THE MITTIMUS ISSUED BY THE COMMON PLEAS COURT OF PERRY COUNTY, OHIO FOLLOWING THE MARCH 3, 2011 RESENTENCING HEARING IS VOID AND INSUFFICIENT TO WARRANT THE DETENTION OF CRISTEN L. MYERS, SR.

"VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY EXCEEDING ITS JURISDICTIONAL AUTHORITY WHEN IMPOSED CONSECUTIVE SENTENCES IN THE ABSENCE OF STATUTORY AUTHORITY.

"VII. THE CONSECUTIVE SENTENCE IMPOSED BY TRIAL COURT IS VIOLATIVE OF THE DEFENDANT/APPELLANT'S LIBERTY INTEREST PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

*State v. Myers*, No. 11-CA-7, 2012 WL 554432, at *1-2 (Ohio App. 5th Dist. Feb. 15, 2012).  On February 15, 2012, the appellate court affirmed the trial court's judgment.  On June 20, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Myers,* 132 Ohio St.3d 1424 (2012).

Respondent indicates that on May 4, 2011, Petitioner filed a second state habeas corpus petition in the state trial court, asserting that he is being unlawfully held under an unlawful

sentence.[2]  The state trial court dismissed Petitioner's state habeas corpus petition.  Petitioner filed a motion for relief from judgment in the state trial court  On June 13, 2011, the trial court denied Petitioner's motion.  On November 7, 2011, the appellate court affirmed the judgment of the trial court.  Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On October 22, 2012, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1.  The state trial court violated the Double Jeopardy Clause of the Fifth Amendment and Cristen L. Myers, Sr.'s liberty interest when it imposed separate statutory convictions for the allied offenses of attempted murder, aggravated burglary, and felonious assault.

2.  The state trial court violated the Double Jeopardy Clause of the Fifth Amendment when the trial court sentenced Cristen L. Myers, Sr. to consecutive terms of incarceration for the allied offenses of attempted murder, aggravated burglary, and felonious assault.

3.  Cristen L. Myers, r. is currently incarcerated under a vacated sentence that has not been re-instated by a trial court, violating his Fifth and Fourteenth Amendment rights.

4.  The state trial court violated Cristen L. Myers, Sr.'s liberty interest when it failed to provide him the equal protection of the retroactive interpretation of *State v. Johnson*, 128 Ohio St.3d 153.

5.  The state trial court violated Cristen L. Myers, Sr.'s right to the equal protection of the law when the trial court determined that it was a valid use of the retroactive interpretation of *State v. Fischer*, 128 Ohio St.3d 92 to correct the void portion of

---

[2] Again, the copies of these documents attached to Respondent's *Motion to Dismiss* are not legible.  Again, however, review of these documents is not required for resolution of Petitioner's § 2254 petition.

Myers' sentence that violated O.R.C. 2967.28 while simultaneously determining that it was not a valid use of the retroactive interpretation of *State v. Fischer*, 128 Ohio St.3d 92 to correct the void portions of Myers' sentence that violated O.R.C. 2941.25.

6. The trial court violated due process and equal protection of the law when it denied Cristen L. Myers, Sr. the resentencing rights pursuant to Ohio Revised Code 2929.19.

7. The state trial court violated Cristen Myers, Sr.'s constitutionally protected liberty interest of having his conduct weighed when the trial court failed to provide him with the equal protection of Ohio's allied offense statute, O.R.C. 2941.25, resulting in multiple convictions for the same criminal offense that violates the Double Jeopardy Clause of the Fifth [and Fourteenth Amendments of the United States Constitution.

It is the position of the Respondent that this action constitutes a successive petition. Alternatively, Respondent contends that Petitioner's claims are barred by the one-year statute of limitations, not cognizable for federal habeas corpus review, or waived.

## MOTION FOR SUMMARY JUDGMENT

Petitioner has filed a *Motion for Summary Judgment* pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3]  Doc. No. 7.  In support of this motion, he has attached documents relating to his conviction and sentence, as well as an affidavit in support and proposed

---

[3]  Rule 56 of the Federal Rules of Civil Procedure provides in relevant part:

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

undisputed facts.  *See Exhibits to Motion for Summary Judgment*.  In his Motion for Summary Judgment, Petitioner generally raises the same arguments he does in his petition for habeas corpus relief, arguing that he is entitled to relief on his claims.

The Court does not grant a motion for summary judgment in habeas corpus proceedings, because to do so would be tantamount to granting Petitioner a judgment of default, which relief is not available in habeas corpus proceedings.  *Alder v. Burt*, 240 F.Supp.2d 651, 677 (2003)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970*), superseded on other grounds  by statute as stated in Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987)(other citations omitted)).  *See also Lemons v. O'Sullivan*, 54 F.3d 347, 364-65 (7th Cir. 1995)("Default judgment is an extreme sanction that is disfavored in habeas corpus cases"); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987)("a default judgment is not contemplated in habeas corpus cases").

Petitioner's *Motion for Summary Judgment*, Doc. No. 7, therefore is **DENIED.**

## SUCCESSIVE CLAIMS

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition.  *Nelson v. United States*, 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a

second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States,* 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S .C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996)(*per curia*).

Plainly, this is not the Petitioner's first federal habeas corpus petition.  That said, the United States Supreme Court has held that a petitioner's first habeas application challenging an

intervening new judgment does not constitute a successive petition within the meaning of 28

U.S.C. § 2244(b).  *Magwood v. Patterson*, 130 S.Ct. 2788 (2010).

> [C]ourts have not, however, construed "second or successive" to encompass all § 2255 motions or habeas petitions that are "numerically" second in the sense that they are literally the second motion filed.  *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006); *see also Slack v. McDaniel,* 529 U.S. 473, 487-88, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that second habeas petition raising claims dismissed in previous "mixed" petition was not second or successive); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that habeas petition raising claim previously dismissed as premature was not second or successive). In *Bowen,* this Court held that a state habeas petitioner did not present a "second or successive" petition where he filed a second petition raising an ineffective assistance of counsel claim that he was barred from raising in his original petition for habeas corpus. 436 F.3d at 705. The *Bowen* court reasoned that "courts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA." *Id.* at 704. The court continued: "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.* (citing *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). . . .
>
> Other courts of appeals have applied similar principles and held that § 2255 motions or petitions for habeas corpus were not "second or successive" when the second action challenges a judgment or portion of a judgment that arose as a result of a previous successful action. *See Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000) (per curiam) ("Every circuit that has addressed the issue has agreed that, under the AEDPA, when new claims originate at resentencing, those claims may be brought in a subsequent habeas petition without the necessity of obtaining permission from the circuit court before filing the petition."); *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999) (section 2255 motion was not "second or successive" when it raised claims that originated at resentencing); *Esposito v. United States*, 135 F.3d 111, 113 (2d Cir.1997) (per curiam) (section 2255 motion challenging resentencing was only second or successive "to the extent that it challenge[d] the underlying conviction or seeks to vacate any component of the original sentence that was not

amended" (quoting *Galtieri v. United States*, 128 F.3d 33, 38 (2d Cir. 1997))); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (per curiam) ("We hold that a second habeas petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition."); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam) (allowing § 2255 motion to challenge ineffective assistance of counsel at resentencing); *see also Dahler v. United States*, 259 F.3d 763, 765 (7th Cir. 2001); *United States v. Barrett*, 178 F.3d 34, 43-44 (1st Cir.1999) (noting that "decisions have created an exception ... where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition" and noting that that exception did not apply); *Luckett v. McDaniel*, No. 99-15044, 2000 WL 340124, at *1 (9th Cir. Mar.28, 2000) (unpublished) (same). By contrast, no circuit that has addressed the issue has held that a § 2255 motion or a habeas petition that addresses an issue that originates at resentencing is a second or successive petition.

*Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007)(footnote omitted).

In habeas corpus claims one, two and seven, Petitioner argues that the trial court's imposition of consecutive sentences violated the Double Jeopardy Clause and that the trial court should have considered his conduct to determine whether his convictions constituted allied offenses of similar import. Because these claims relate to Petitioner's initial judgment of conviction, and could have been raised in Petitioner's first federal habeas corpus petition, the Magistrate Judge **RECOMMENDS** that claims one and two and seven be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.

## MERITS

The remainder of Petitioner's claims, *i.e.*, habeas corpus claims three through six, relate to Petitioner's re-sentencing hearing, and could not have previously been raised in Petitioner's prior habeas corpus petition. As such, the Court will address these claims here. *See Magwood v. Patterson,* 561 U.S. --, 130 S.Ct. 2788 (2010).

In claim three, Petitioner argues that he is currently incarcerated under a vacated sentence that has not been reinstated by the trial court. *Petition*, PageID #9. He argues that at his re-sentencing hearing, that he should have been permitted to speak and challenge other aspects of his sentence and that the trial court violated Ohio law. *See Petitioner's Reply*. In claims four and five, the Petitioner likewise argues that the trial court violated Ohio law at his re-sentencing hearing. *Petition*, PageID 11-13, *see Re*ply. In claim six, Petitioner asserts that he was denied due process and equal protection because the trial court failed properly to apply O.R.C. §2929.19 at his re-sentencing hearing.

Although Petitioner attempts to couch his claims in terms of federal law, stating that he was denied due process or equal protection by the trial court's failure to observe State law, the crux of all of these claims involves an issue regarding the alleged violation of state law. Such claims do not provide Petitioner the relief he seeks. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

11

Further, Petitioner never presented any federal issue to the state courts.  *See Exhibit 39 to Motion to Dismiss.*  He therefore has waived the right to present any federal issue here.  In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v.Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims."  *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident.  *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983) (citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns*." Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (citing *Franklin v. Rose,* 811 F.2s 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law."  *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review.  *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 6, be **GRANTED** and that this action be **DISMISSED**.

It is **FURTHER RECOMMENDED** that Petitioner's *Motion for Summary Judgment*, Doc. No. 7, be **DENIED**, and that his request for injunctive relief, *see* Doc. No. 11, be **DENIED**, as moot.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985*); Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir.1987); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel
United States Magistrate Judge