**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CRISTEN L. MYERS, SR.,**

**Petitioner,**

**v.**

**KEVIN JONES, WARDEN,**

**Respondent.**

**CASE NO. 2:12-CV-0975**
**JUDGE FROST**
**MAGISTRATE JUDGE ABEL**

**OPINION AND ORDER**

On August 1, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 19.) Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 25.) For the reasons that follow, Petitioner's objections are **OVERRULED**. Except as otherwise provided herein, the Report and Recommendation is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**I.**

Petitioner was convicted in the Perry County (Ohio) Court of Common Pleas for attempted murder, aggravated burglary, felonious assault, and violation of a protection order. The trial court sentenced Petitioner to an aggregate term of 20 years imprisonment. The procedural history of Petitioner's conviction, appeals, previous habeas corpus petition in this Court, and efforts seeking post-conviction relief in the state courts are adequately chronicled in the Magistrate Judge's Report and Recommendation and need not be repeated here. (ECF No. 19, at PageID# 1186-91.) The petition currently before the Court purports to raise seven grounds for habeas corpus relief:

1. The state trial court violated the Double Jeopardy Clause of the Fifth Amendment and Cristen L. Myers, Sr.'s liberty interest when it imposed separate statutory convictions for the allied offenses of attempted murder, aggravated burglary, and felonious assault.

2. The state trial court violated the Double Jeopardy Clause of the Fifth Amendment when the trial court sentenced Cristen L. Myers, Sr. to consecutive terms of incarceration for the allied offenses of attempted murder, aggravated burglary, and felonious assault.

3. Cristen L. Myers, Sr. is currently incarcerated under a vacated sentence that has not been re-instated by a trial court, violating his Fifth and Fourteenth Amendment rights.

4. The state trial court violated Cristen L. Myers, Sr.'s liberty interest when it failed to provide him with the equal protection of the retroactive application of *State v. Johnson*, 128 Ohio St. 3d 153.

5. The state trial court violated Cristen L. Myers, Sr.'s right to the equal protection of the law when the trial court determined that it was a valid use of the retroactive interpretation of *State v. Fischer*, 128 Ohio St. 3d 92 to correct the void portion of Myers' sentence that violated O.R.C. 2967.28 while simultaneously determining that it was not a valid use of the retroactive interpretation of *State v. Fischer*, 128 Ohio St.3d 92 to correct the void portions of Myers' sentence that violated O.R.C. 2941.25.

6. The trial court violated due process and equal protection of the law when it denied Cristen L. Myers, Sr. the resentencing rights pursuant to Ohio Revised Code 2929.19.

7. The state trial court violated Cristen Myers, Sr.'s constitutionally protected liberty interest of having his conduct weighed when the trial court failed to provide him with the equal protection of Ohio's allied offense statute, O.R.C. 2941.25, resulting in multiple convictions for the same criminal offense that violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

(ECF No. 1 at PageID# 6-16.)

In the Report and Recommendation, the Magistrate Judge recommended that Petitioner's motion for summary judgment be denied, that the motion to dismiss of Respondent be granted,

and that this case be dismissed. (*Id.* at PageID# 1197-98.) Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 25.)

Petitioner objects to the Magistrate Judge's denial of his motion for summary judgment. Petitioner contends that the Magistrate Judge misapplied case law indicating default judgment is not unavailable in habeas corpus proceedings, and argues that his motion is properly applied in these proceedings as there is no genuine issue of material fact and the state courts "illegally convicted" him on three charges rather than one, violating Ohio statutes on allied offenses of similar import. Petitioner objects to the Magistrate Judge's recommendation that habeas corpus claims one, two and seven be transferred to the United States Court of Appeals for the Sixth Circuit as successive claims that could have been raised in Petitioner's prior habeas corpus petition. Petitioner argues that, because Ohio law on allied offenses of similar import has changed, this Court prematurely adjudicated his first habeas corpus petition. Additionally, Petitioner again argues that, because his case was remanded for re-sentencing, his first three sentencing hearings and his initial appeal are "legal nullities" such that he may again raise any claims that could have been brought in his prior federal habeas corpus petition. He contends that federal law mandates retroactive application of Ohio's allied offense statute relating to his initial judgment of conviction. Finally, Petitioner objects to the Magistrate Judge's recommendation of dismissal of habeas corpus claims three through six as raising issues regarding the alleged violation of state law and on the basis that Petitioner failed to raise any federal issue in the state courts thereby waiving his federal claims for review.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objections are not well taken.

**II.**

As to Petitioner's first objection regarding the disposition of his motion for summary judgment, the Court overrules it, but does not adopt the reasoning of the Magistrate Judge. The Magistrate Judge's Report and Recommendation recommended denial of Petitioner's motion for summary judgment on the basis that "to do so would be tantamount to granting Petitioner a judgment of default, which relief is not available in habeas corpus proceedings." (ECF No. 19 at PageID# 1192.) This rationale is incorrect. The case cited by the Report and Recommendation, *Alder v. Burt*, 240 F. Supp. 2d 651 (E.D. Mich. 2003), does not stand for the proposition cited. In *Alder*, the district court found the petitioner's summary judgment motion to be tantamount to a motion for default judgment because "Petitioner argue[d] that since [the] Court struck Respondent's untimely answer from the record, Petitioner is entitled to summary judgment because Respondent has effectively failed to respond to his petition." *Id.* at 677. The district court rejected this argument as effectively seeking summary judgment on the basis of the respondent's "default."

This case is nothing like *Alder*. Petitioner did not move for summary judgment on the basis of Respondent's failure to respond to his petition. On the contrary, Petitioner moved for summary judgment on the merits. And as a general principle, a petitioner in habeas corpus may seek summary judgment by satisfying the requirements of Fed. R. Civ. P. 56. *See Franklin v. Mansfield Corr. Inst.*, No. 3:04-cv-187, 2006 U.S. Dist. LEXIS 51521, at *2 (S.D. Ohio July 27, 2006) (citing *Blackledge v. Allison*, 431 U.S. 63, 80-81, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) and *Browder v. Director*, 434 U.S. 257, 266, n. 10, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)). Thus, the Magistrate Judge's sweeping statement that a petitioner may not obtain summary judgment in habeas corpus proceedings under any circumstances is simply wrong as a matter of law.

Nonetheless, the Court overrules Petitioner's objection to the denial of his summary judgment motion. The analysis applicable to the Court's disposition of Petitioner's remaining objections establishes that Petitioner failed to show that he is entitled to summary judgment. Accordingly, the faulty rationale of the Magistrate Judge in overruling Petitioner's motion for summary judgment is inconsequential.

**III.**

With respect to claims one, two, and seven of his petition, Petitioner objects to the Magistrate Judge's recommendation that these are successive claims barred by 28 U.S.C. § 2244(b)(3)(A). The Magistrate Judge found that these claims challenge the trial court's imposition of consecutive sentences as violating the Double Jeopardy Clause of the United States Constitution. (ECF No. 19 at PageID# 1195.) As such, they relate to Petitioner's initial judgment of conviction and therefore could have been raised in Petitioner first federal habeas corpus petition. (*Id.*) The Court agrees with the Magistrate Judge's Report and Recommendation in this respect.

Petitioner argues that the Magistrate Judge erred in his determination because the challenge to his sentence on grounds that his sentence violated Ohio Rev. Code § 2941.25 was not "ripe" at the time of his first habeas corpus petition. (Petitioner's Obj., ECF No. 25 at PageID# 1214.) Petitioner argues that the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E. 2d 1061 (Ohio 2010), was not available to him at the time of his first habeas corpus petition and that his petition should therefore not be deemed "successive." In *Johnson*, the Ohio Supreme Court held that the conduct of an accused must be considered when determining whether two offenses are allied offenses of similar import subject to merger (for sentencing purposes) under Ohio Rev. Code § 2941.25. At the time of Petitioner's

original sentencing, controlling Ohio precedent interpreted Ohio Rev. Code § 2941.25 to require only that the statutorily defined elements of offenses be compared "in the abstract" in order to determine whether they are allied, and therefore merged, for sentencing purposes. *See State v. Rance*, 85 Ohio St.3d 632, 710 N.E. 2d 699 (Ohio 1999). According to Petitioner, the *Rance* rule allowed the trial court to impose consecutive sentences upon him while the *Johnson* rule did not.

The Court is not persuaded by Petitioner's argument. In his first petition for habeas corpus relief, Petitioner raised as a ground for relief that the Ohio Supreme Court's then-prevailing rule from *Rance* with regard to allied offenses of similar import under Ohio Rev. Code § 2941.25 violated the Double Jeopardy Clause of the United States Constitution. Though *State v. Johnson* overruled *State v. Rance*'s central holding regarding when offenses would be considered "allied" for purposes of sentencing under Ohio law, that circumstance is of no significance here. Claims one, two, and seven challenge Petitioner's original sentence on double jeopardy grounds, a claim that he raised in his first habeas corpus petition in this Court.

Moreover, to the extent Petitioner's "due process" claim is different from his double jeopardy claim, the result is no different. Regardless of whether the claim is characterized as a "double jeopardy" or "due process" challenge to his sentence, the fact remains that the claims relate to Petitioner's initial judgment of conviction. As such, they could have been raised in his first habeas corpus petition.

With respect to the disposition of claims three through six of his petition, Petitioner objects to the Magistrate Judge's determination that "Petitioner never presented any federal issue to the state courts." (ECF No. 19 at PageID# 1197.) Petitioner contends that he raised "due process" as a substantial constitutional question in his jurisdictional memorandum to the Ohio Supreme Court.

The Court agrees with the Magistrate Judge's determination that Petitioner did not adequately present a federal issue to the state courts. To properly exhaust available state remedies, a petitioner must fairly present the substance of his federal claim to the state courts before bringing them in a federal habeas corpus petition. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Id. See also Picard v. Connor*, 404 U.S. 270, 275 (1971). Nor is it generally enough for a petitioner to raise a broad generalization that he has been deprived of "due process." *See Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987). While a petitioner need not cite "chapter and verse on the federal constitution," he must present the substance of his federal claim to the state court through, for example, "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation." *Id.* (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)); *see also Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

In this case, Petitioner did not adequately exhaust his constitutional claims in the state courts. Even if this Court were to conclude that Plaintiff raised his constitutional arguments in his jurisdictional memorandum to the Ohio Supreme Court, Petitioner fails to explain why he did not raise and preserve these arguments in the state court of appeals in one of his appeals of right. Thus, the Court agrees with the Magistrate Judge that Petitioner did not raise his federal issues in the state courts, thereby failing to exhaust them before seeking federal habeas relief.

## IV.

For the foregoing reasons, Petitioner's objections (ECF No. 25) are **OVERRULED**. Except as otherwise modified above, the Court **ADOPTS AND AFFIRMS** the Report and Recommendation. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge